## State of Vermont
## Superior Court — Environmental Division

==========================================================================
# ENTRY REGARDING MOTION
==========================================================================

**In re Lakeview Inn Conditional Use Permit,**          **Docket No. 193-10-09 Vtec**

Project: Request for conditional use approval for additional uses of Inn.

Applicant: Lakeview Inn Enterprises, LLC
         (Appeal from Town of Greensboro ZBA conditional use determination)

Title: Motion to Dismiss (Filing No. 2)

Filed: October 7, 2010

Filed By: Norman C. Williams, Attorney for Appellee/Applicant Lakeview Inn
         Enterprises, LLC

Response in Opposition filed on 10/25/10 by Appellants Nancy Sullivan and
         Leonard Schiavone
Reply in Support of Motion to Dismiss filed on 11/1/10 by Appellee/Applicant
Lakeview Inn Enterprises, LLC

_X_ Granted             ___ Denied             ___ Other

      By its pending motion, Appellee/Applicant Lakeview Inn Enterprises, LLC ("Applicant") requests an order from this Court dismissing the appeal of Nancy Sullivan and Leonard Schiavone ("Appellants"). Appellants appealed the September 2, 2009 decision of the Town of Greensboro ("Town"), which granted conditional use approval to Applicant (albeit with no specified conditions), to use the Inn to host a variety of events, including, but not limited to, dinners, cheese tastings, wedding receptions, and special food events. The Inn had previously been issued a conditional use permit in 1997, authorizing its prior owners to utilize the premises as an 11-room inn, bakery, deli/café, retail business, and banquet/reception facilities.[1] Appellants, who are abutting property owners, allege that the evening events held at the Inn are unreasonably noisy and disruptive and are not among the Inn's permitted activities under either the 1997 or 2009 permits. Appellants allege that Applicant is, therefore, violating the Town's Zoning Bylaws and Vermont law.

      Subsequent to the conclusion of a separate municipal enforcement action regarding the 1997 permit (Docket No. 125-7-09 Vtec), Applicant sought to withdraw its 2009 permit application and now moves for dismissal of the pending appeal. (See Appellee's Mot. to Dismiss, filed Oct. 7, 2010). Based on the concern that Applicant continues to operate the Inn in nonconformance with the 1997 permit—by advertising for and hosting evening events, dinners, and weddings—Appellants oppose Applicant's Motion to Dismiss and seek adjudication of the merits of this case. (See Appellant's

---

[1] See 1997 Town of Greensboro Zoning Permit, approved July 8, 1997.

Opp'n to Applicants' Mot. To Dismiss, filed Oct. 25, 2010). For the reasons explained below, we GRANT Applicant's Motion to Dismiss, subject to the condition stated below.

We begin our analysis with a tenet we regard as undisputed: that a decision-making body, including this Court, cannot force an applicant to proceed with a project that the applicant wishes to abandon. In re Appeal of Handy, No. 96-6-01 Vtec, slip op. at 1 (Vt. Envtl. Ct. Mar. 18, 2002) (Wright, J.). An applicant may choose to withdraw its application, but, in so doing, must accept the consequences of that withdrawal (i.e., dismissal of any approval based upon the application they now seek to withdraw). Id. Thus, while we recognize Applicant's prerogative to abandon its project by withdrawing its application (which is now contested on appeal), we must issue an order vacating the Town's conditional use approval since the foundation for such approval (i.e., the application) no longer exists. See In re Appeal of O'Donnell, Nos. 50-2-00 and 199-9-00 Vtec, slip op at 2 (Vt. Envtl. Ct. Apr. 20, 2001) (Wright, J.).

Once the application is withdrawn and the approval is vacated, there is no remaining case or controversy for the Court to adjudicate. In fact, any pronouncement on the withdrawn application would constitute an impermissible advisory opinion. Id.; see also In re S.N., 2007 VT 47 ¶ 9, 181 Vt. 641 ("The Vermont Constitution confers judicial authority only 'to determine actual controversies arising between adverse litigants,' and issuing an advisory opinion . . . would exceed our constitutional mandate.") (citation omitted). Where such applications and approvals have been withdrawn, this Court has regarded any approval appealed from as moot, and any permit null and void and of no further force or effect. See In re Bessette & Mayo Construction Permit, No. 16-1-10 Vtec (Vt. Envtl. Ct. Oct. 20, 2010) (Durkin, J.).

Appellants are correct that once an appeal is filed, exclusive jurisdiction over a municipal land use determination is transferred to this Court. 24 V.S.A. §§ 4471, 4472. Thus, we are not aware of the authority for the municipality, or Applicant for that matter, to "vacate" an appealed application or underlying permit. However, even Appellants acknowledge that this Court has the discretion, if not the obligation, to dismiss an appeal where the applicant gives notice that it wishes to withdraw its application. (See Appellant's Opp'n to Applicants' Mot. To Dismiss 5–6, filed Oct. 25, 2010). We conclude that dismissal is appropriate and necessary here, since neither this Court, nor the opposition, can force Applicant to defend a withdrawn application that it does not wish to pursue. Any further declaration on the issue is beyond this Court's jurisdictional authority.

Appellants, anticipating that Applicant's dismissal motion might be granted, request that the Court order Applicant to cease conducting business activities not specifically permitted, and that the Court direct the Town to commence zoning enforcement proceedings against Applicant based upon the operation of alleged unpermitted business activities. We decline to enter the requested orders since we are not authorized to assume jurisdiction over these requests in this limited land use appeal proceeding. In so ruling, we are not opining upon the merits of such actions but merely upon our jurisdictional authority to entertain such requests.

Therefore, for the reasons articulated above, the Court hereby **GRANTS** Applicant's motion to dismiss, and approves Applicant's withdrawal of its 2009 application. The pending appeal is hereby **DISMISSED**. As a consequence of Applicant's withdrawal, the Court does hereby render **NULL AND VOID** the September

2, 2009 conditional use approval issued by the Town Zoning Board of Adjustment; such approval is now of no further force or effect.

 This completes the current proceedings in this Court concerning this appeal.


_____     __November 24, 2010___
   Thomas S. Durkin, Judge          Date

==================================================================
Date copies sent to: _____        Clerk's Initials _____
Copies sent to:
 Daniel P. Richardson, Attorney for Appellants Nancy Sullivan and Leonard Schiavone
 Norman C. Williams, Attorney for Appellee/Applicant Lakeview Inn Enterprises, LLC
 Sara Davies Coe, Attorney for the Town of Greensboro